```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| KENNETH G. KIER, | : | NO. 1:08-CV-00661 |
| Plaintiff, | : |  |
| v. | : | **OPINION AND ORDER** |
| UNITED STATES OF AMERICA, et al., | : |  |
| Defendants. | : |  |

      This matter is before the Court on the unopposed Motion of Defendant, United States of America, to be substituted as the Proper Party Defendant with Respect to Claims Asserted against Defendant Paula S. Pfeffer (doc. 23).  For the reasons indicated herein, the Court GRANTS Defendant's Motion.

      On September 25, 2008, Plaintiff, Kenneth G. Kier, filed this matter, asserting common law tort claims against Defendants United States of America and others (doc. 1). On October 23, 2008, Plaintiff amended his complaint, naming Paula S. Pfeffer ("Pfeffer") as co-Defendant (doc. 7).  Plaintiff alleges that Pfeffer negligently injured him while she performed her duties delivering mail as an employee of the United States Postal Service (Id.).  Defendant United States of America now moves for substitution as proper party Defendant with respect to the claims asserted against Pfeffer (doc. 23).

The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. 2679 ("Westfall Act"), mandates substitution of the United States of America as proper party with respect to claims asserted against federal employees acting within the scope of their employment. 28 U.S.C. 2679(b)(1). The Westfall Act establishes a procedure for the Attorney General, through the United States Attorneys, to determine whether federal employees have acted within the scope of their employment. 28 U.S.C § 2679(d)(1), 28 C.F.R. § 15.3(a). If a federal employee acted within the scope of employment, the United States Attorney certifies this fact to the District Court. Id. Certification by the Attorney General is prima facie evidence that a federal employee acted within the scope of her employment. Henson v. NASA, 14 F.3d 1143, 1147 (6th Cir. 1994) ("substitution will be granted upon the certification of the Attorney General that the employee was acting within the scope of employment").

In its Motion, the United States Attorney for the Southern District of Ohio certifies that Defendant Pfeffer acted within the scope of her employment during the events in question (doc. 23). Plaintiff does not contest this certification.

Accordingly, the Court finds it appropriate to GRANT Defendant United States of America's Motion (doc. 23), and to SUBSTITUTE Defendant United States of America as proper party Defendant with respect to claims asserted against Defendant Paula

S. Pfeffer.  <u>Henson</u>, 14 F.3d 1143, 1147.


        SO ORDERED.


Dated:    February 10, 2009    <u>/s/ S. Arthur Spiegel        </u>
                                _____
                               S. Arthur Spiegel
                               United States Senior District Judge